(No. 85-CC-2769– )
WILLIAM L. THOMAS, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed March 19, 1991.*

MARSHAL E. LESUEUR, for Claimant.

ROLAND W. BURRIS, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

ORDER

Montana, C.J.

This is an action by Claimant, William L. Thomas, against the State of Illinois, Respondent, for personal injuries he sustained as a pedestrian, when he was struck or collided with a motor vehicle owned by the State and being operated by a State employee.

At about 5:50 p.m. on the evening of November 13, 1984, Sergeant DiGiore of the Secretary of State Police was driving east on 79th Street in the City of Chicago, approaching Jeffrey Avenue. He was part of a four-man car surveillance team which had been tracking, for most of the day, a person suspected of dealing in stolen auto parts. Eastbound 69th Street at Jeffrey consists of three lanes, a left turn lane, a thru lane going east and, at the right edge, a bus stop area used as a right turn lane. Immediately to the west (past the bus lane) is a parking area. It was dusk, but the weather was clear and dry. Traffic was heavy as it was the evening rush hour. Sergeant DiGiore was driving a light brown unmarked 1983 Chevrolet Impala, which was the property of the Secretary of State.

The suspect vehicle being trailed was stopped in traffic at the intersection of 79th Street and Jeffrey. Just ahead of Sergeant DiGiore's vehicle was another unmarked Secretary of State car driven by Investigator Vrtik, the tactical leader of the surveillance group. Vrtik testified that fearing that the suspect might turn left at the light at Jeffrey, he instructed DiGiore by radio to pull into the left turn lane, which was to their left, and

follow the suspect should he make a left turn. Vrtik angled his vehicle to the right toward the bus stop and would follow the suspect should he turn right into Jeffrey.

DiGiore proceeded to follow Vrtik's direction and pulled his vehicle from behind Vrtik into the adjacent left turn lane and moved up behind a vehicle already standing at the intersection, waiting for the red light to change. DiGiore testified that he had been stopped in the left turn lane ten to fifteen seconds when he heard a "thump." He looked to his right and saw the hands and face of Thomas up against the right portion of his windshield. Thomas' body then fell to the pavement. Both DiGiore and Vrtik left their cars and went to Thomas who was lying on the pavement, in the path of ongoing traffic in the eastbound thru lane. Vrtik returned to his car to radio the Chicago police and called for an ambulance while DiGiore lifted Thomas into his car to get him out of the line of eastbound thru traffic. The foregoing recitation of the accident is derived from the testimony of Sergeants DiGiore and Vrtik, whose combined years of employment and experience with the Secretary of State's Office in the auto theft division total approximately 29 years.

Claimant has attempted to establish that DiGiore's vehicle was moving at approximately five miles per hour, based upon the expert testimony of Mr. Aycock, a consultant and lecturer at the Ashland Traffic Institute at Northwestern University for 19 years. He did not see the car, but subsequently stated that the damage to the car could have been caused "with the car sitting still."

Thomas testified that he started to cross the street about 120 to 150 feet from the Jeffrey intersection; that he crossed the third lane on the south side of 79th Street

and took one or two steps beyond the yellow line (separating the east line traffic from the west), which places him in or beyond the first westbound lane, and that he was struck by DiGiore's eastbound vehicle traveling in the westbound lane. This is directly contrary to the testimony of Sergeants DiGiore and Vrtik.

Claimant urges that the collision occurred while DiGiore was driving on the wrong side of the road in attempting to reach the suspect vehicle being trailed. Based upon Thomas' testimony, he would have had to have been hit by DiGiore's car traveling east, while almost halfway into the second westbound lane, and according to Aycock's opinion, at five miles per hour.

Claimant interprets the actions of Sergeant Vrtik, when he moved Thomas' body from the path of rush hour traffic in the eastbound thru lane to the safety of his car, as a violation of the police rules with respect to moving him from the scene of an accident. Yet it was Vrtik's judgment under the circumstances to remove the body.

It is clear that the nature of the Claimant's and the officers' testimony as to how and where the accident occurred is contradictory. Nonetheless, the Court has decided from the evidence that the Claimant is entitled to a reasonable award for the damages suffered by him as a result of the occurrence.

It is hereby ordered that the sum of $25,000.00 is hereby awarded to William Thomas, Claimant.